IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIUS MAYE, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:11-CV-1275 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| WARDEN DAVID EBBERT, | : |
| | : |
| Respondent | : |

## **MEMORANDUM**

November 4, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On July 7, 2011, Petitioner Marius Maye ("Petitioner" or "Maye"), who presently is confined at the District of Columbia Community Corrections Management Center ("CCM Washington, D.C."), initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.)  At the time of filing, Maye was a federal inmate at the Federal Correctional Institution Allenwood ("FCI Allenwood") in White Deer, Pennsylvania.

In his Petition, Maye requests an increase in his Residential Re-entry Center[1]

---

[1] RRCs are more commonly known as halfway houses. Prior to March 31, 2006, the BOP referred to halfway houses as Community Corrections Centers.

("RRC") placement as an incentive for his participation in skills development programs pursuant to the provisions of the Second Chance Act ("SCA"), 42 U.S.C. § 17541(a)(1)(G). (Doc. 1.) By Order dated July 11, 2011, we directed service of the Petition and directed Respondent to file an answer within twenty-one (21) days. (Doc. 3.) On August 1, 2011, Respondent filed a Response to the Petition suggesting that the Petition should be dismissed for failure to exhaust administrative remedies or as premature. (Doc. 4.) Alternatively, Respondent suggested that the Petition should be denied because it is within the discretion of the Federal Bureau of Prisons ("BOP") to determine appropriate incentive awards under the SCA. (*Id.*) Although our July 11 Order provided Maye with the opportunity to file a reply brief within fourteen (14) days of Respondent's filings (*see* Doc. 3 at 2 ¶ 4), no reply brief was filed.

In preparing to dispose of the Petition, the Court utilized the BOP Inmate Locator Service to ascertain the present status of Maye's custody.[2] A search for Maye through that Service revealed that he presently is confined at the CCM Washington, D.C. Accordingly, for the reasons set forth below, the Petition will be dismissed as moot.

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States

---

[2]*See* BOP Inmate Locator, available at http://www.bop.gov/iloc2/LocateInmate.jsp

Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F. Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

In the instant case, where Maye's request for relief was that this Court direct the BOP to consider him for an increase in his RRC placement time, and he has in fact been

released to an RRC in anticipation of his projected release date of February 4, 2012[3], his request for relief relating to his BOP sentence is now moot. Accordingly, the Petition must be dismissed for lack of case or controversy. An appropriate Order will enter.

---

[3]*See* BOP Inmate Locator, *supra* note 2.